CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 0 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 7:92CR00135 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JIMMY LAWRENCE NANCE ) | |
| ) | By: Hon. James C. Turk |
| ) | Senior United States District Judge |

The defendant, Jimmy Lawrence Nance ("Nance"), a federal inmate proceeding *pro se*, moves this Court to order DNA testing of various evidence under the Innocence Protection Act of 2004, 18 U.S.C. § 3600. Specifically, Nance moves the Court to order DNA testing of: (1) Material removed from beneath the fingernails of the victim; (2) 25 strands of hair found beside the victim; (3) "Cuttings" of t-shirt and blue jeans; (4) Blood and hair samples of the victim; (5) The victim's husband's blood and hair; and (5) Any and all other evidence that could contain biological remnants related to the crime.[1]

I.  **Statements of the Facts**

Nance was convicted of first-degree murder of United States Postal employee, Donna Stevenson, and sentenced to life imprisonment by a federal court. He appealed his conviction to the United States Court of Appeals for the Fourth Circuit and his conviction was affirmed on September 13, 1995. See United States v. Nance, 67 F.3d 298 (4th Cir. 1995) (unpublished opinion), cert. denied, 516 U.S. 1136 (1996). Nance's judgment of conviction became final on February 20, 1996

---

[1] Nance also requests the forensic notes, reports and test results of prior DNA tests. Section 3600, however, confers no authority to grant access to such evidence. Section 3600 outlines the procedural requirements in order to approve testing of DNA evidence, but it grants no right to any and all tangential evidence.

1

when the United States Supreme Court denied certiorari. The DNA evidence at issue, was then destroyed by the Government after the Fourth Circuit affirmed his conviction but before the Supreme Court decided on whether to grant or deny certiorari. Subsequently, Nance has filed a number of motions to collaterally attack his conviction and sentence, all which have been unsuccessful.

## II. Opinion of the Court

Upon written motion by an individual under a sentence of imprisonment or death pursuant to a conviction for a federal offense, 18 U.S.C. § 3600 requires that the court order DNA testing only if the circumstances of the individual case meet ten conditions. See 18 U.S.C. § 3600(a)(1)-(10) (list of conditions that must be met). Nance's petition for DNA testing must fail because his application does not meet 18 U.S.C. § 3600(a)(4).

Section 3600(a)(4) requires that DNA testing can only be ordered if the evidence to be tested, *inter alia*, is in the possession of the Government. Because the evidence Nance seeks to have tested has been destroyed, his application for DNA testing under Section 3600 fails because the Government is not in possession of the evidence sought for testing.

Both parties raise the issue of the consequences stemming from the destruction of the evidence that Nance seeks to have tested. Section 3600, however, confers no authority to the courts to grant relief for destruction of evidence. It is not a cornucopia of new rights or a panacea to challenge any and all grievances an individual may have against the Government. Its purview is procedural in scope, limited solely to when the court must order DNA testing. If the conditions mandated for DNA testing under the section are not met, then such relief cannot be given. It grants no authority for the court to grant relief based on the Government's conduct, whether negligent, reckless, or intentional.

Section 3600A, however, does mandate that the Government preserve biological evidence secured in the course of investigation or prosecution of a federal offense in which the defendant is imprisoned for such offense, unless certain conditions apply. See 18 U.S.C. § 3600A(a) & (c). This section, though, does not entitle Nance to any relief. First, Section 3600A became effective on October 30, 2004, well after the evidence that Nance seeks tested was destroyed. The language of Section 3600A does not express a command that it apply retroactively to conduct already completed. In addition, the legislative history does not evince Congressional intent that the mandates of the Innocence Protection Act apply retroactively. See Chambers v. Reno, 307 F.3d 284, 288 (4th Cir. 2002) ("We may not apply a statute retroactively 'absent a clear indication from Congress that it intended such a result.'" (citation omitted)). Although, the Innocence Protection Act is to apply to offenses committed and judgments of convictions entered before the Act went into effect, that does not mean that the Act is to be applied retroactively. The Act is intended to regulate conduct on a prospective basis from the date of its enactment, to all offenses and convictions, regardless of when the offense was committed or conviction entered. Thus, the Government was under no obligation to preserve the DNA evidence in Nance's case under the auspices of Section 3600A because the statute did not exist in 1995.

Second, Section 3600A allows no private right of action for individuals to challenge those who violate the statute's prohibitions. Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. See Alexander v. Sandoval, 532 U.S. 275, 286, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001). The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Id. Without it, a cause of action does not exist and courts may not create one, no matter

3

how desirable that might be as a policy matter, or how compatible with the statute. Id. at 286-87.

The sections comprising the Innocence Protection Act and its legislative history express no Congressional intent either to allow private individuals to pursue actions against those that destroy biological evidence contrary to the mandates of Section 3600A or to provide any private remedy for such violations. Section 3600A vests the power to implement and enforce a system to punish offenders of the statute solely in the hands of the United States Attorney General. See 18 U.S.C. § 3600A(e) & (f). Cf. Sandoval, 532 U.S. at 290 ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."); Meghrig v. KFC Western, Inc., 516 U.S. 479, 488, 116 S. Ct. 1251, 134 L. Ed. 2d 121 (1996) ("It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

Therefore, neither Sections 3600 or 3600A provide relief to Nance to order DNA testing or to challenge the destruction of the DNA evidence.

### III. Conclusion

Movant has failed to prove that he has met the requirements for this Court to order DNA testing under Section 3600. Therefore, Nance's Motion for DNA Testing of Specific Evidence is **Denied**. The Petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

4

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 10th day of January, 2006.

/s/ James C. Turk
Senior United States District Judge

5