IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY L. NANCE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 7:14CV00353 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:92CR00135 |
| | ) | |
| **JIMMY L. NANCE,** | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

*Jimmy L. Nance, Pro Se Petitioner.*

The petitioner, a federal inmate proceeding pro se, has filed a pleading that he styles as "DEFENDANT'S PETITION AND MOTION FOR A WRIT OF CORAM NOBIS AND/OR AUDITA QUERELA, AND REQUEST FOR APPOINTMENT OF COUNSEL AND FURTHER BRIEFING." (Pet. 1.) The Court docketed the pleading as a Petition for a Writ of Coram Nobis under The All

Writs Act, 28 U.S.C. § 1651(a). After review of the petition and the Court's records, however, I find the petitioner is not entitled to the relief requested under § 1651, and that his submission is appropriately construed and summarily dismissed as an unauthorized second or successive Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255.[1]

Petitioner Jimmy L. Nance was convicted by a jury of first-degree murder of a United States Postal Service employee engaged in the performance of her official duties. *See* 18 U.S.C. §§ 1111, 1114. Nance is currently serving his life sentence in the custody of the Bureau of Prisons. His appeals were unsuccessful. *United States v. Nance*, 67 F.3d 298 (4th Cir. 1995), *cert. denied*, 516 U.S. 1136 (1996).

Nance filed his current petition on July 15, 2014, alleging that he is entitled to a writ of coram nobis or audita querela, such that the court must vacate his sentence and reopen his case for resentencing. When Nance was sentenced in October of 1993, 18 U.S.C. § 1111(b) provided, in part, "Whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto 'without capital punishment,' in which event he shall be sentenced to imprisonment for life." After amendments enacted in 1994, the statute read (and

---

[1] The court is not bound by the § 1651 label that Nance, as a pro se petitioner, attaches to his pleading and may liberally construe and address his submission according to the nature of the relief sought. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (finding that habeas petitioner's filing seeking relief under change in substantive law subsequent to first habeas proceeding is properly construed and dismissed as successive habeas).

-2-

now reads): "Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life." 18 U.S.C. § 1111(b). In his petition, Nance argues that because the Court, not the jury, determined that he should be sentenced to life in prison, his sentence violated his statutory and constitutional rights and must be vacated.

A petition under § 1651, such as one seeking a writ of coram nobis or audita querela, is not available to a defendant in federal custody to raise claims that were or could have been raised through other remedies, such as a motion for new trial or a motion seeking collateral relief under § 2255. *See, e.g., United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (coram nobis); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (writ of audita querela). Moreover, the writ of coram nobis was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted). The writ of audita querela is "available in criminal cases [if at all] where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and [was] not redressable pursuant to another postconviction remedy." 7 Am. Jur. 2d Audita Querela § 1 (2014).

Nance is clearly not entitled to either of the writs he seeks. He previously filed a § 2255 motion challenging the same criminal judgment and sentence that he challenges in this petition. *Nance v. United States*, No. 7:96CV00334 (W.D. Va. 1996), *appeal dismissed*, 107 F.3d 868 (4th Cir. 1997). The amendment to 18 U.S.C. § 1111(b), on which he bases his current claims, took effect in September of 1994, well before he filed his § 2255 motion in 1996. Because Nance had an available remedy under § 2255 to challenge the validity of his sentence and he remains in federal custody, he cannot pursue his current claims in a petition for any writ under § 1651. *Johnson*, 237 F.3d at 755; *Valdez-Pacheco*, 237 F.3d at 1080. Moreover, his current challenge is not based on any fundamental factual error as required to warrant coram nobis relief, nor does it raise a newly minted legal objection to his conviction, as was the purpose of audita querela.

Because Nance may not proceed with his claims through any extraordinary writ under § 1651(a), I construe his claims as a § 2255 motion. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Nance has already taken his bite at the § 2255 apple and offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I must dismiss his current motion as successive.

A separate Final Order will be entered herewith.

                              DATED: July 25, 2014

                              /s/ James P. Jones
                              United States District Judge