IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:92CR00135 |
| v. | ) | **OPINION** |
| | ) | |
| **JIMMY LAWRENCE NANCE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

Defendant Jimmy Lawrence Nance, a federal inmate proceeding pro se, has filed a pleading titled "REQUEST FOR JUDICIAL NOTICE WITH REQUEST TO REOPEN JUDGMENT AND RESENTENCE." Specifically, Nance argues that United States District Judge James C. Turk did not have jurisdiction to sentence him under 18 U.S.C. § 1111, because the federal government did not own the building in which the crime occurred. Given the nature of Nance's claim, I hereby construe his submission as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and summarily deny it as successive.[1]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth

---

[1] Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings" that the defendant is not entitled to relief.

Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that Nance has previously filed a § 2255 motion regarding the same conviction and sentence, which the court denied.[2] *Nance v. United States*, No. 7:96CV00334 (W.D. Va. 1996) (Order, Nov. 7, 1996, ECF No. 45), *appeal dismissed*, No. 96-7779, 1997 WL 85993 (4th Cir. Feb. 27, 1997) (unpublished). Because Nance offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

A separate Final Order will be entered herewith.

DATED: November 6, 2015

/s/ James P. Jones
United States District Judge

---

[2] Nance argued in his initial § 2255 motion, as he does here, that the court had no jurisdiction under § 1111. Judge Turk denied relief on this claim, finding that the court had separate grounds for subject matter under 18 U.S.C. § 1114, because the evidence established that the victim, a post mistress, was killed in the course of her duties at the time of the murder. (No. 7:96CV00334, ECF No. 54-1, at 10, 19.) Moreover, on appeal, the United States Court of Appeals for the Fourth Circuit expressly found "no reversible error" in the court's judgment denying relief under § 2255 and denied a certificate of appealability. *See United States v. Nance*, 1997 WL 85993, at *1. Thus, even if Nance could circumvent the successive petition bar, his claim is without merit.