# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 7:92CR00135 |
| v. | ) | OPINION |
| | ) | |
| JIMMY LAWRENCE NANCE, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for United States; Jimmy Lawrence Nance, Pro Se Defendant.*

Defendant Jimmy Lawrence Nance filed a pro se motion entitled, "Motion to Reopen 28 U.S.C. § 2255 Proceedings and for an Order of Discovery," ECF No. 293.[1] In his motion, Nance asked me to reconsider the dismissal of his first

---

[1] By the time he filed this motion, Nance had already filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States District Court for the District of South Carolina in *Nance v. Thomas*, No. 2:15CV05099. In that petition, as in the present motion, Nance challenged the validity of his conviction in this criminal case based on allegedly withheld exculpatory forensic evidence. On December 8, 2016, the United States District Court for the District of South Carolina dismissed the petition without prejudice pursuant to *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), because Nance did not qualify to proceed under the savings clause of 28 U.S.C. § 2255 and had not received authorization from the United States Court of Appeals for the Fourth Circuit to collaterally attack his conviction and sentence via § 2255 again. *Nance v. Thomas*, No. 2:15CV05099, 2016 WL 7155449, at *5 (D.S.C. Dec. 8, 2016). The court of appeals affirmed. *Nance v. Thomas*, No. 16-7738, 2017 WL 1531626, at *1 (4th Cir. Apr. 28, 2017) (unpublished).

Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and to order a new trial.[2]

Nance also argued that the United States misled and defrauded the court during proceedings for the prior § 2255 motion. Consequently, the motion sought a remedy for perceived flaws in the § 2255 proceeding and also directly attacked the conviction. In accordance with *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015), I ordered Nance to file an amended motion that abandoned either the claims about any prior § 2255 proceeding or the claims attacking the conviction and sentence.

Nance responded in pertinent part:

> Based on these premises, petitioner understands that his filing represents a "mixed motion" and this Court is correct that petitioner must choose between withdrawing the improper claims. . . .
>
> [B]ased on the foregoing, petitioner hereby withdraws the claim based on fraud and asks the Court to proceed on the merits of his first claim that [the] government has and continues to violate his due process rights by failing to disclose to the defense the results of forensic tests done by the FBI (NEGATIVE CONTROL TESTS) that [the] government has never denied it had, [that exonerates petitioner] which explains why [the] government has gone to the extreme lengths to keep this exculpatory evidence

---

[2] Nance was convicted of first-degree murder of a United States Postal employee and sentenced to life imprisonment, and the United States Court of Appeals for the Fourth Circuit affirmed. *United States v. Nance*, No. 93-5865, 1995 WL 541695, at *5 (4th Cir. Sept. 13, 1995) (unpublished), *cert. denied*, 516 U.S. 1136 (1996).

> from the light of a Courtroom or the eyes of a Judge for a review of those findings.
>
> * * *
>
> Wherefore, . . . petitioner submits he has met the 'extraordinary circumstances' required for relief under Rule 60(b). . . .

Pet'r's Mot. to Am. Parent Pleading 2-3, 4, ECF No. 302.

Nance frames this argument based on "newly-discovered" evidence in the context of Federal Rule of Civil Procedure 60(b), but he does not identify how the court erred in dismissing any one of his numerous collateral attacks, including his initial § 2255 proceeding. See *Nance v. United States*, No. 96-0334-R, mem. op. (W.D. Va. Nov. 7, 1996), *appeal dismissed*, No. 96-7779, 1997 WL 85993, at *1 (4th Cir. Feb. 27, 1997) (unpublished). He invokes Rule 60(b) to avoid the rule against successive § 2255 motions, but his claim directly attacks the validity of his conviction and life sentence due to the United States' alleged "fraud" of withholding exculpatory forensic evidence. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a . . . free-standing allegation of constitutional error in the underlying criminal

judgment will virtually always implicate the rules governing successive applications."). A Rule 60(b) motion with a district court is not a substitute for permission from a court of appeals to file a successive § 2255 motion. Accordingly, Nance's "Rule 60" motion is more appropriately deemed a successive § 2255 motion that attempts to present a claim of newly-discovered evidence.

However, this "newly-discovered" evidence is not new at all. Nance's allegation about forensic evidence is essentially the same claim he presented in September 2012. See ECF No. 241. The court dismissed that claim without prejudice as successive in accordance with 28 U.S.C. § 2255(h), ECF Nos. 244-245, and the court of appeals denied a certificate of appealability and dismissed the appeal. *United States v. Nance*, 507 F. App'x 318, 319 (4th Cir. 2013) (unpublished). Nance fails to establish either that the present claim is substantially different than the prior collateral attack dismissed by this court and the court of appeals or that he has received authorization to file a successive § 2255 motion.[3]

---

[3] Nance has repeatedly and unsuccessfully sought relief from the court of appeals. *See, e.g.*, *In Re Nance*, 618 F. App'x 186, 186 (4th Cir. 2015) (unpublished) (declining to entertain original habeas petition or transfer it to the district court); *United States v. Nance*, 590 F. App'x 282, 283 (4th Cir. 2015) (unpublished) (dismissing Nance's appeal of the district court's dismissal of a successive and unauthorized § 2255 motion); *United States v. Nance*, 471 F. App'x 111, 112 (4th Cir. 2012) (unpublished) (same, and also denying authorization to file a second or successive § 2255 motion); *In Re Nance*, No. 12-262, order at 1

Accordingly, the Motion to Amend Parent Pleading (ECF No. 302) is GRANTED, and the Motion to Reopen 28 U.S.C. § 2255 Proceedings and for an Order of Discovery (ECF No. 293) is CONSTRUED and DISMISSED without prejudice as a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255(h). Nance's Motion to Appoint Counsel (ECF No. 303) is DENIED because the interests of justice do not so require. *See* 18 U.S.C. § 3006A(a)(2)(B).

DATED: July 12, 2017

/s/ James P. Jones
United States District Judge

---

(4th Cir. Aug. 14, 2012) (unpublished) (denying authorization to file a second or successive § 2255 motion); *In Re Nance*, No. 05-593, order at 1 (4th Cir. Jan. 24, 2006) (unpublished) (same); *In Re Nance*, No. 02-298, order at 1 (4th Cir. Jan. 7, 2003) (unpublished) (same); *In Re Nance*, No. 01-859, order at 1 (4th Cir. July 26, 2001) (unpublished) (same); *In Re Nance*, No. 00-737, order at 1 (4th Cir. Sept. 7, 2000) (unpublished) (same); *In Re Nance*, No. 98-642, order at 1 (4th Cir. Oct. 26, 1998) (unpublished) (same); *In Re Nance*, No. 97-685, order at 1 (4th Cir. Aug. 27, 1997) (unpublished) (same); *United States v. Nance*, No. 99-6265, 1999 WL 352971, at *1 (4th Cir. June 2, 1999) (unpublished) (affirming district court's denial of Nance's "Request for Reconsideration, or Alternatively, Motion to Re-open Section 2255"); *see also Nance v. Atkinson*, 589 F. App'x 94, 95 (4th Cir. 2014) (unpublished) (affirming the district court's dismissal pursuant to *In re Jones* of a § 2241 habeas petition seeking to invalidate murder conviction); *United States v. Nance*, 186 F. App'x 363, 363 (4th Cir. 2006) (unpublished) (affirming district court's denial of a motion for testing DNA evidence pursuant to 18 U.S.C. § 3600); *United States v. Nance*, 28 F. App'x 305, 305 (4th Cir. 2002) (unpublished) (affirming district court's denial of motion for reduction of restitution and for finding and retesting DNA evidence).