# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Case No. 7:92CR00135<br>) |
| v. | ) **OPINION**<br>) |
| JIMMY LAWRENCE NANCE, | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Jimmy Lawrence Nance, Pro Se Defendant.*

Defendant Jimmy Lawrence Nance filed a pro se motion titled, "Petitioner's Motion for Reconsideration," ECF No. 307, after I had construed and dismissed without prejudice his "Motion to Reopen 28 U.S.C. § 2255 Proceedings and for an Order of Discovery," ECF No. 293, as a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255(h). Because the Motion for Reconsideration sought a remedy for the dismissed § 2255 Motion and directly attacked the conviction, I ordered Nance to file an amended motion that abandoned either the claims about any prior § 2255 proceeding or the claims attacking the conviction and sentence.[1] *See, e.g., United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

---

[1] Nance was convicted of first-degree murder of a United States Postal employee and sentenced to life imprisonment, and the United States Court of Appeals for the Fourth Circuit affirmed. *United States v. Nance*, No. 93-5865,

In response, Nance filed "Petitioner's Motion for Leave to Amend His Pending Motion for Reconsideration to Add New Authority," ECF No. 309, and "Request for Judicial Notice and Motion for Clarification," ECF No. 310. Because these motions reiterate Nance's intent to continue attacking the validity of the conviction and sentence, I construe all three motions as successive § 2255 motions. *See United States v. Winestock*, 340 F.3d 200, 203, 207 (4th Cir. 2003) (noting a court may classify a pro se pleading per its contents regardless of its caption and allegations of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive collateral attacks).

Nance argues that *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013), allows him to present his claims of actual innocence to this court without first receiving authorization from the Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion. *McQuiggin* does not apply here because "[a]lthough *McQuiggin* was decided in the context of collateral review, the Supreme Court indicated that its holding was limited to initial habeas petitions and was not applicable to second or successive petitions." *In re Bolin*, 811 F.3d 403, 411 (11th Cir. 2016).

---

1995 WL 541695, at *5 (4th Cir. Sept. 13, 1995) (unpublished), *cert. denied*, 516 U.S. 1136 (1996).

Nance also cannot escape the rule for second or successive § 2255 motions by alleging "newly-discovered" evidence because the evidence is not new. Nance's claim about allegedly withheld forensic evidence is essentially the same claim he presented in September 2012. See ECF No. 241. The court dismissed that claim without prejudice as successive in accordance with 28 U.S.C. § 2255(h), Op., Order, ECF Nos. 244, 245, and the court of appeals denied a certificate of appealability and dismissed the appeal. *United States v. Nance*, 507 F. App'x 318, 319 (4th Cir. 2013) (unpublished). Nance fails to establish that the present claims are substantially different from the prior collateral attack dismissed by this court and the court of appeals or that he has received authorization to file a successive § 2255 motion.[2]

---

[2] Nance has repeatedly and unsuccessfully sought relief from the court of appeals. *See, e.g.*, *In Re Nance*, 618 F. App'x 186, 186 (4th Cir. 2015) (unpublished) (declining to entertain original habeas petition or transfer it to the district court); *United States v. Nance*, 590 F. App'x 282, 283 (4th Cir. 2015) (unpublished) (dismissing Nance's appeal of the district court's dismissal of a successive and unauthorized § 2255 motion); *United States v. Nance*, 471 F. App'x 111, 112 (4th Cir. 2012) (unpublished) (same, and also denying authorization to file a second or successive § 2255 motion); *In Re Nance*, No. 12-262, order at 1 (4th Cir. Aug. 14, 2012) (unpublished) (denying authorization to file a second or successive § 2255 motion); *In Re Nance*, No. 05-593, order at 1 (4th Cir. Jan. 24, 2006) (unpublished) (same); *In Re Nance*, No. 02-298, order at 1 (4th Cir. Jan. 7, 2003) (unpublished) (same); *In Re Nance*, No. 01-859, order at 1 (4th Cir. July 26, 2001) (unpublished) (same); *In Re Nance*, No. 00-737, order at 1 (4th Cir. Sept. 7, 2000) (unpublished) (same); *In Re Nance*, No. 98-642, order at 1 (4th Cir. Oct. 26, 1998) (unpublished) (same); *In Re Nance*, No. 97-685, order at 1 (4th Cir. Aug. 27,

Accordingly, the three motions, ECF Nos. 307, 309, 310, will be CONSTRUED and DISMISSED without prejudice as successive Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255(h).

ENTER: March 2, 2018

/s/ James P. Jones
United States District Judge

---

1997) (unpublished) (same); *United States v. Nance*, No. 99-6265, 1999 WL 352971, at *1 (4th Cir. June 2, 1999) (unpublished) (affirming district court's denial of Nance's "Request for Reconsideration, or Alternatively, Motion to Re-open Section 2255"); *see also Nance v. Atkinson*, 589 F. App'x 94, 95 (4th Cir. 2014) (unpublished) (affirming the district court's dismissal pursuant to *In re Jones* of a § 2241 habeas petition seeking to invalidate murder conviction); *United States v. Nance*, 186 F. App'x 363, 363 (4th Cir. 2006) (unpublished) (affirming district court's denial of a motion for testing DNA evidence pursuant to 18 U.S.C. § 3600); *United States v. Nance*, 28 F. App'x 305, 305 (4th Cir. 2002) (unpublished) (affirming district court's denial of motion for reduction of restitution and for finding and retesting DNA evidence).