IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:92CR00135 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| JIMMY LAWRENCE NANCE, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jimmy Lawrence Nance, Pro Se Defendant.*

Defendant Jimmy Lawrence Nance, a federal inmate proceeding pro se, has filed a motion to reduce his sentence pursuant to § 603(b)(1) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) ("2018 FSA"), which amended 18 U.S.C. § 3582(c)(1)(A) to expand the circumstances under which federal prison inmates may seek compassionate release.[1]

Prior to the 2018 FSA, only the Director of the Bureau of Prisons could file a motion with the court seeking compassionate release for an inmate. However, the

---

[1] The defendant's Motion for Resentencing cites § 404 of the First Step Act, which made the Fair Sentencing Act of 2010 ("2010 FSA") retroactive and permits defendants to move for a reduced sentence. The 2010 FSA eliminated the sentencing disparity between crack and cocaine offenses, and § 404 of the 2018 FSA is limited to such drug offenses. Nance is not eligible for such relief because he was convicted of murdering a federal employee, in violation of 18 U.S.C. §§ 1111(a) and 1114. Instead, Nance's motion appears to be a request for compassionate release, and I am liberally construing his motion to be such a request due to his pro se status.

2018 FSA amended § 3582(c) to provide that a sentencing court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), modify a sentence to grant compassionate release either upon motion of the Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The defendant seeks compassionate release on the grounds that he has been rehabilitated and that he suffers from a variety of eye-related infirmities due to his age. However, the materials submitted to this court do not indicate that the defendant has exhausted his administrative rights.

For these reasons, the defendant's motion, ECF No. 339, is DENIED without prejudice to the defendant's future submission of a motion after exhausting his administrative remedy with the Bureau of Prisons.

It is so **ORDERED**.

ENTER: November 18, 2019

/s/ *James P. Jones*
United States District Judge