# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 7:92CR00135 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JIMMY LAWRENCE NANCE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jimmy Lawrence Nance, Pro Se Defendant.*

Defendant Jimmy Lawrence Nance, a federal inmate proceeding pro se, filed on October 28, 2019, a motion to reduce his sentence pursuant to § 603(b)(1) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to expand the circumstances under which federal prison inmates may seek compassionate release.

The defendant sought compassionate release on the grounds that he suffers from a variety of eye-related infirmities.[1] I denied his motion without prejudice

---

[1] Nance was convicted by a jury of the first-degree murder of a postal employee and sentenced in 1993 to life imprisonment. *United States v. Nance,* 67 F.3d 298 (4th Cir. 1995) (affirming conviction), *cert. denied*, 516 U.S. 1136 (1996). He has filed numerous post-conviction motions since then in this and other courts. *See, e.g., United States v. Nance,* No. 7:92-cr-135, 2013 WL 12419340, at *1 (W.D. Va. Jan. 10, 2013) (referring to prior motions under 28 U.S.C. § 2255); *Nance v. Thomas*, No. 2:15-cv-5099-BHH, 2016 WL 7155449, at *8 (D.S.C. Dec. 8, 2016) (dismissing as without jurisdiction petition under 28 U.S.C. § 2241), *aff'd*, 687 F. App'x 274 (4th Cir. 2017) (unpublished).

because he gave no indication that he had fully exhausted his administrative rights, as required by 18 U.S.C. § 3582(c)(1)(A). Op. & Order, Nov. 18, 2019, ECF No. 344.

Nance has now filed a pro se "Request for Judicial Notice of Documents," in which he alleges that his administrative request for compassionate release has been so far denied, attaching exhibits to that effect. Nance is currently confined by the Bureau of Prisons at Greenville FCI, Greenville, Illinois. Nance's exhibits include a copy of an email from Nance to Warden T.G. Werlich, dated August 13, 2019, requesting compassion release or reduction in his sentence because of his age and "a myriad of medical issues memorialized in the files." ECF No. 345-1 at 3. The exhibit also includes a response from Warden Werlich, dated September 5, 2019, which states, in pertinent part, that

> [a]ccording to the medical assessment performed by institutional medical staff it was determined that you do not qualify for a reduction in sentence. The reasons for this cited in the medical assessment is the determination that you can adequately function in a correctional institution, and that the Bureau of Prisons can appropriately treat your medical condition. Therefore, due to the aforementioned information, your . . . request is denied.

*Id.* at 4. Nance appealed Warden Werlich's decision to the Bureau of Prison Regional Director on September 15, 2019. The exhibits contain a copy of a memorandum from the Administrative Remedy Coordinator of the North Central Regional Office of the Bureau of Prisons, dated November 5, 2019, extending the time for response to Nance's appeal to December 7, 2019. While there is no further

indication of the results of Nance's appeal, he states that he "is confident the Region will follow the lead of the Warden and deny," and that he "will then appeal to Central Office in Washington D. C. which more than likely follow the same." Request 1, ECF No. 345.

I will treat Nance's present pleading as a motion for reconsideration of the prior dismissal.

The court may not modify a defendant's term of imprisonment for extraordinary and compelling reasons unless

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582 (c)(1)(A). While Congress likely meant that an inmate must exhaust all of his administrative remedies unless his warden does not respond to the inmate's request to file a motion on the inmate's behalf within 30 days, the literal language permits the inmate to seek judicial relief in the event that (1) he has exhausted all of his administrative remedies or (2) 30 days have elapsed since the Warden received the inmate's request, whichever event is earlier. This literal reading would ignore the extreme unlikelihood of any administrative appeal within the bureaucracy of the Bureau of Prisons being completed in 30 days. The cases indicate that this statutory exhaustion requirement has been interpreted to excuse full

exhaustion of administrative remedies only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request. *See United States v. Bolino*, No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (citing cases). In Nance's case, the Warden did respond to his request within 30 days. Accordingly, Nance was obligated to complete the administrative appeal process.

Aside from Nance's prediction of the ultimate outcome of his administrative appeal, he has not completed that appeal to final decision, *see* 28 C.F.R. § 571.63, and accordingly, the motion for reconsideration, ECF No. 345, is DENIED without prejudice.

It is so **ORDERED**.

ENTER: January 10, 2020

/s/ *James P. Jones*
United States District Judge