CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 25, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 7:92CR00135 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JIMMY LAWRENCE NANCE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Jimmy Lawrence Nance, Pro Se.*

Jimmy Lawrence Nance has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the defendant's motion will be denied.[1]

I.

The defendant was sentenced on October 21, 1993, to a term of incarceration for life following the first-degree murder of a federal employee in violation of 18 U.S.C. §§ 1111(a) and 1114. Life is the mandatory minimum sentence for federal first-degree murder. 18 U.S.C. § 1111(b).

---

[1] The defendant has previously filed numerous collateral attacks against his sentence. Many of those are listed in *United States v. Nance*, No. 7:92CR00135, 2022 WL 1299985, at *1 (W.D. Va. Apr. 27, 2022), *aff'd*, No. 22-6613, 2022 WL 17850377 (4th Cir. Dec. 22, 2022) (unpublished).

In his present motion seeking a reduction in sentence, the defendant asserts that he should be released due to rehabilitation and a change in the law. He also contends that the 3553(a) factors weigh in favor of his release. The motion is ripe for decision.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In making such a determination, the court may consider any circumstances that are of substantial gravity. U.S. Sent'g Guidelines Manual § 1B1.13(b)(5) (U.S. Sent'g Comm'n 2023). Even if the court finds an extraordinary and compelling reason for release, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

The defendant contends that there has been an intervening change in the law that qualifies as an extraordinary and compelling reason for release because if he were sentenced today, he asserts, he would receive 240 months of incarceration. This is inaccurate, and thus not a basis for release. 18 U.S.C. § 1111(b). Similarly, rehabilitation alone, assuming but not deciding that it had been demonstrated in this case, is not an extraordinary and compelling reason for release.

The lack of an extraordinary and compelling reason is not the only bar to relief for the defendant. The court sees no reasonable application of the 3553(a) factors that would lead to the defendant's release.

Even if the defendant had stated a sufficiently extraordinary and compelling reason for release, I have previously held — and again hold — that the factors under § 3553(a) do not support a sentence reduction. *Nance*, 2022 WL 1299985, at *1. There are multiple reasons that independently justify denying relief. First, the defendant has still not taken responsibility for the murder of his victim. This indicates to the court that the defendant has not been adequately deterred from similar conduct.

Second, notwithstanding his age, the defendant appears to be in fair health and thus presents a danger to society. Regardless of whether the defendant were to take responsibility for the murder of his victim, the need to incapacitate the defendant to protect the public outweighs any possible interest in the defendant's liberty.

Third, the heinous nature of the crime counsels against release for the defendant. There is no indication that the defendant values life more than when he was originally sentenced, despite the decades that have passed.

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

III.

Accordingly, it is **ORDERED** as follows:

1. The Motion for Reduction of Sentence Pursuant to Amendment 814 § 1B1.13 and 18 U.S.C. § 3582(c)(1)(A), ECF No. 401, is DENIED; and

2. The Motion for Appointment of a Public Defender, ECF No 402, is DENIED as moot.

ENTER:  April 25, 2024

/s/  JAMES P. JONES
Senior United States District Judge